1  Daniel L. Reback (SBN 239884)
    Email: dreback@kranesmith.com
2  Jeremy Smith (SBN 242430)
    Email: jsmith@kranesmith.com
3  Benjamin J. Smith (SBN 266712)
    Email: bsmith@kranesmith.com
4  **KRANE & SMITH, APC**
   16255 Ventura Boulevard, Suite 600
5  Encino, CA 91436
   Tel: (818) 382-4000
6  Fax: (818) 382-4001

7  Attorneys for Plaintiff,
   CHRISTOPHER GORDON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GORDON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DRAPE CREATIVE, INC., a Missouri corporation; PAPYRUS-RECYCLED GREETINGS, INC., an Illinois corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **TRADEMARK INFRINGEMENT** [15 U.S.C. §1114 *et seq.*];<br>2. **TRADEMARK INFRINGEMENT** [California law];<br>3. **FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN** [15 U.S.C. §1125(a)]; **and**<br>4. **UNFAIR COMPETITION** [California law]<br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff CHRISTOPHER GORDON ("Plaintiff") alleges as follows:

## INTRODUCTION

Plaintiff is a comedic narrator who, on January 18, 2011, published a video on YouTube that consisted of his original narration humorously describing the traits of a honey badger. The video went "viral" and has generated more than *74 million* views on YouTube. In the video, Plaintiff's original expressions and jokes include the phrases "Honey Badger Don't Care," and "Honey Badger Don't Give a Shit", among others. Plaintiff's original expressions have gained a tremendous amount of notoriety, and his expressions have been referred to in commercials, television shows, magazines, and throughout the internet, and by numerous celebrities. Plaintiff copyrighted his narration and trademarked "HONEY BADGER DON'T CARE" under four separate registration numbers for various classes of goods, including, *inter alia*, t-shirts, audio books, computer application software and plush toys. Plaintiff has also produced, advertised, and sold merchandise, including greeting cards, bearing his expressions and trademarks of "Honey Badger Don't Care" and "Honey Badger Don't Give a Shit" since soon after the video was published, and he continues to sell and license greeting cards bearing his expressions and marks today.

Upon information and belief, Defendant Drape Creative, Inc. and Defendant Papyrus-Recycled Greetings, Inc. collaborated to manufacture, distribute, sell and advertise several different greeting cards that copied Plaintiff's expression and trademark, "Honey Badger Don't Give a Shit." Defendants' unauthorized sales of greeting cards bearing Plaintiff's trademark and expressions, coupled with their intentional deceptive business practices to create customer confusion, which actually happened here, constitute, *inter alia*, willful trademark infringement and unfair competition.

COMPLAINT AND DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

1. This is a civil action arising under the Trademark Laws of the United States, 15 U.S.C. §§1051, *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

2. This Court has supplemental jurisdiction over the claims in this Complaint that arise under California law pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b) and 1400(a). At all times relevant hereto, Plaintiff has been a resident of Los Angeles, California. The infringing products which are the subject of this litigation have been distributed and offered for distribution in the Central District of California, and the Defendants transact business in the Central District of California. Defendants have extensive contacts with, and conduct business within, this District; have placed products into the stream of commerce in this District; and have caused tortious injury to Plaintiff in this District.

## PARTIES

4. Plaintiff is an individual residing in Los Angeles, California.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant Drape Creative, Inc. ("DCI") is a Missouri corporation that is subject to the jurisdiction of this Court. DCI, which does business as Tomato Cards, designs greeting cards and conducts its business on the internet at dcistudios.com.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Papyrus-Recycled Greetings, Inc. ("Recycled Greetings") is an Illinois corporation that is subject to the jurisdiction of this Court. Recycled Greetings produces and sells greeting cards and conducts its business on the internet at prgreetings.com.

7. According to its website, DCI is "[k]nown for their clever humor and depth of design" and more than 20,000,000 of their cards are sold annually, making DCI the "largest contributor" to Defendant Recycled Greetings. Plaintiff is informed and believes, and thereon alleges, that Defendant DCI and Defendant Recycled Greetings (collectively, "Defendants") authorized, directed, participated in, contributed to, ratified, and/or accepted the benefits of the wrongful acts as alleged herein.

8. The true names and capacities, whether individual, corporate, associate or otherwise of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the events, acts, occurrences and liabilities alleged and referred to herein. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of these DOE defendants when the same are ascertained.

## SUBSTANTIVE ALLEGATIONS

### *Plaintiff and His Video, Copyright, and Trademark*

9. Plaintiff is a comedian, narrator, writer, and actor, and is commonly known by his alias, "Randall."

10. On January 18, 2011, Plaintiff published a video (the "Video") on YouTube that consisted of his original narration humorously describing the traits of a honey badger.[1] The Video, titled *The Crazy Nastyass Honey Badger (original narration by Randall)*, became an instant hit. The Video went "viral" and is one of the most popular videos ever uploaded onto YouTube. To date, the Video has generated more than *74 million* views on YouTube. The Video and subsequent

---

[1] The Video is available at https://www.youtube.com/watch?v=4r7wHMg5Yjg

4

COMPLAINT AND DEMAND FOR JURY TRIAL

phenomenon have been covered by internet blogs such as the *Huffington Post* (which proclaimed "Honey Badger Don't Care [as] the best nature video of all time") as well as by entertainment and news outlets from *Forbes* to the *New York Observer* to *TMZ*.

11. In the Video, among Plaintiff's original expressions and jokes are that the "HONEY BADGER DON'T CARE" and the "HONEY BADGER DON'T GIVE A SHIT." Plaintiff's original expressions (and others contained in the Video) have gained a tremendous amount of notoriety, and his expressions have been referred to in commercials, television shows, magazines, and throughout the internet.

12. Plaintiff is the owner of trademark registrations for HONEY BADGER DON'T CARE (the "Mark"). Plaintiff registered the Mark with the United States Patent and Trademark Office for various classes of goods under the following Registration Numbers: 4,505,781; 4,419,079; 4,419,081; and 4,281,472. Attached hereto as **Exhibit A** are true and correct copies of the Trademark Registrations.

13. After the Video was published, Plaintiff produced and sold goods, including, *inter alia*, t-shirts, sweatshirts, bumper stickers, hats, mugs and plush dolls that displayed his Mark and expressions. Plaintiff has also selectively licensed his intellectual property rights to third parties in order to monetize the profitability of his Marks.

14. Specifically, Plaintiff also produced and sold greeting cards and postcards that displayed both his trademarks and expressions of "Honey Badger Don't Care" and "Honey Badger Don't Give a Shit," and Plaintiff continues to sell such greeting cards and postcards today.

COMPLAINT AND DEMAND FOR JURY TRIAL

15. Plaintiff primarily advertises his goods bearing his Mark, including greeting cards, on the internet. Sales of Plaintiff's merchandise bearing his Mark have been substantial, with a majority of the sales occurring via the internet.

16. Plaintiff's trademark is inherently distinctive and/or has acquired secondary meaning as to the source of all products advertised, marketed, sold, or used in connection with his trademark and derivations thereof. The Mark and its derivations are instantly recognizable as being associated with Plaintiff (i.e. Randall). The Mark and/or its derivations have appeared in Plaintiff's Video, and have since been displayed on numerous advertisements and goods that Plaintiff promotes. Plaintiff even authored a book titled *Honey Badger Don't Care: Randall's Guide to Crazy Nastyass Animals,* and launched a mobile "app" titled *The Honey Badger Don't Care.*

17. Plaintiff has expended a significant amount of time and effort in making his Mark well-known to the public. Plaintiff has promoted his Mark by, *inter alia*, advertising it in connection with his products, making guest appearances in media outlets, and publicizing the Mark through social media platforms.

18. As a result of the foregoing, including, but not limited to, the extensive advertisements, promotions, sales, and enormous popularity of the Mark, the public has come to exclusively identify the Mark and its derivations with Plaintiff. Among other things, Plaintiff, his expressions, and/or his Mark have appeared or been alluded to in a Wonderful Pistachios commercial during *Dancing with the Stars*, in an episode of the popular television show *America's Got Talent*, in an episode of the hit television series *Glee* by the show's famous cheerleading coach Sue Sylvester (Jane Lynch), in a *Vogue* profile of celebrity recording artist Taylor Swift, and on the *Howard Stern* radio show (Baba Booey).

1  Plaintiff's expressions and Mark are famous and distinctive under applicable law,
2  including within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.

### *Defendants' Unlawful Activities and Willful Infringement*

4  19.  Defendants are competitors of Plaintiff, as they also produce and sell
5  greeting cards.

6  20.  Defendants created, produced, distributed and sold greeting cards that
7  bore: Plaintiff's expressions that were copied verbatim from Plaintiff's Video;
8  derivations of Plaintiff's Mark; and phrases confusingly similar to Plaintiff's
9  Mark. For instance, Defendants sold multiple variations of greeting cards that
10 stated, "Honey Badger don't give a shit," a clear reference to, and improper use
11 and trading off of, Plaintiff's Mark. Defendants produced and sold these greeting
12 cards throughout the United States, including California.

13 21.  Defendants' unlawful use of Plaintiff's trademark and their unfair
14 competition enabled them to reap financial success, as Defendants produced and
15 sold greeting cards in various formats, all with derivations of Plaintiff's trademark.
16 On information and belief, Defendants' sales of the infringing cards were
17 substantial, as the cards were sold in numerous retail stores throughout the
18 country.

19 22.  In producing and selling the infringing cards, Defendants intended to
20 capitalize on Plaintiff's Mark, trample upon his intellectual property rights, and
21 cause customer confusion in the process. Actual customer confusion occurred, as
22 Plaintiff (i.e., Randall) received inquiries from his admirers who asked Plaintiff
23 whether the greeting cards were his own. The cards were not authorized by
24 Plaintiff, though they misleadingly appeared to be.

25 23.  Defendants' intentional and deceitful acts of unfair competition and
26 use of the Mark have caused confusion, and are likely to do so in the future, and
27
28

have caused mistake and deception as to the affiliation or association of the Defendants with Plaintiff, and as to the origin, sponsorship, or approval of the Defendants' goods by Plaintiff. Plaintiff has neither authorized nor consented to the use by Defendants of the Mark, any colorable imitation of it, or any mark confusingly similar to it.

24. Plaintiff is informed and believes, and thereon alleges, the Defendants' purpose in utilizing the Mark is an attempt to benefit unfairly from the valuable goodwill and extreme popularity of the Mark, which was established at great expense and effort by Plaintiff.

## FIRST CLAIM

**(Trademark Infringement under 15 U.S.C. §1114 *et seq*. Against All Defendants)**

25. Plaintiff repeats, repleads and realleges the allegations contained in Paragraphs 1 through 24, as though fully set forth herein.

26. The aforesaid acts of Defendants constitute infringement of the Mark under 15 U.S.C. §1114 *et seq*.

27. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his trademark, reputation, and goodwill. Defendants will continue to use the Mark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants and their officers, agents, employees, and all persons acting in concert with them, from engaging in further acts of infringement.

28. Plaintiff is further entitled to recover from Defendants the actual damages that he sustained and/or is likely to sustain as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of the

1  monetary damages that he has sustained and/or is likely to sustain by reason of
2  Defendants' acts of trademark infringement.
3      29.   Plaintiff is further entitled to recover from Defendants the gains,
4  profits, and advantages that Defendants have obtained as a result of their wrongful
5  acts. Plaintiff is presently unable to ascertain the extent of the gains, profits, and
6  advantages that Defendants have realized by reason of their acts of trademark
7  infringement.
8      30.   Because of the willful nature of the wrongful acts of Defendants,
9  Plaintiff is entitled to all remedies available under 15 U.S.C. §§1117 and 1118,
10 including but not limited to an award of treble damages and increased profits
11 pursuant to 15 U.S.C. §1117.
12     31.   Plaintiff also is entitled to recover his attorneys' fees and costs of suit
13 pursuant to 15 U.S.C. §1117.

## SECOND CLAIM

**(Trademark Infringement under California Business and Professions Code section 14245 *et seq.* and California Common Law Against All Defendants)**

17     32.   Plaintiff repeats, repleads and realleges paragraphs 1 through 31,
18 inclusive, of this Complaint and incorporates the same herein by the reference as
19 though set forth in full.
20     33.   Defendants' use of the Mark without Plaintiff's consent constitutes
21 trademark infringement and unfair competition in violation of California common
22 law in that, among other things, such use is likely to cause confusion, deception,
23 and mistake among the consuming public as to the source, approval or sponsorship
24 of the goods offered by Defendants.
25     34.   The acts and conduct of Defendants complained of herein constitute
26 trademark infringement and unfair competition in violation of the statutory law of

California, including California Business and Professions Code section 14245 *et seq.*, in that, among other things, Defendants' acts and conduct are likely to cause confusion, deception, and mistake among the consuming public as to the source, approval or sponsorship of the goods offered by Defendants. Defendants' acts are designed to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among consumers and the public. Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendants and their officers, agents, affiliates, vendors, partners and employees, and all persons acting in concert with Defendants, from using in commerce Plaintiff's federally registered Mark and its derivations and his common law rights in same.

35. As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial. Plaintiff is entitled to all remedies provided by California Business and Professions Code section 14247 *et seq.*, including injunctive relief and recovery of three times Defendants' profits and damages suffered by reason of their wrongful conduct. Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of punitive damages.

## THIRD CLAIM

**(Federal Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. §1125(a) Against All Defendants)**

36. Plaintiff repeats, repleads and realleges the allegations contained in Paragraphs 1 through 35, as though fully set forth herein.

37. Defendants' acts as alleged above constitute unfair competition and a false designation of origin which have caused confusion, mistake, deception as to the affiliation, connection or association of Defendants with Plaintiff and as to the origin, sponsorship, or approval of Defendants' goods, services and/or activities

by Plaintiff and are likely to do so in the future, in violation of the Lanham Act, 15 U.S.C. §1125(a).

38. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and is likely to suffer damage to his reputation, goodwill, and to the Mark. Defendants will continue the activities alleged herein and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their officers, agents, affiliates, vendors, partners and employees, and all persons acting in concert with Defendants, from engaging in further acts of unfair competition, deceitful acts using the Mark, and false designation of origin and false affiliation and association.

39. Plaintiff is further entitled to recover from Defendants the actual damages that he sustained and/or is likely to sustain as a result of Defendants' wrongful and devious acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has suffered and/or is likely to sustain by reason of Defendants' acts of unfair competition and false designation of origin and false affiliation and association.

40. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages they have obtained as a result of their wrongful and malicious acts. Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of unfair competition and false designation of origin and false affiliation and association.

41. Because of the willful nature of the wrongful acts of Defendants, Plaintiff is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

COMPLAINT AND DEMAND FOR JURY TRIAL

42. Plaintiff is also entitled to recover his attorneys' fees and costs of suit pursuant to 15 U.S.C. §1117.

## FOURTH CLAIM

### (Unfair Competition Against All Defendants)

43. Plaintiff repeats, repleads and realleges paragraphs 1 through 42, inclusive, of this Complaint and incorporates the same herein by the reference as though set forth in full.

44. Defendants' actions constitute unfair competition under the statutory law of California, including California Business and Professions Code section 17200, *et seq.*, and under the common law of the State of California.

45. The acts and conduct of Defendants complained of herein have caused Plaintiff irreparable injury, and will, unless retrained, further impair the value of his Mark, intellectual property rights, reputation, and goodwill. Plaintiff has no adequate remedy at law.

46. Plaintiff is informed and believes that Defendants have unlawfully obtained profits through their acts of unfair competition. Defendants should be forced to disgorge such unlawful profits to Plaintiff.

47. Plaintiff is further entitled to recover from Defendants his actual damages sustained as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendants' acts of unfair competition.

48. Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of punitive damages.

///
///
///

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants and each of them as follows:

1. That Defendants have (i) infringed the Mark under 15 U.S.C. §1114 *et seq.*; (ii) infringed the Mark under California law; and (iii) engaged in unfair competition, and violated California Business and Professions Code section 17200 *et seq.*

2. That each of the above acts were willful.

3. That Plaintiff be awarded (i) all profits of Defendants, (ii) all of his damages, (iii) statutory damages available under the law including 15 U.S.C. §1117, if elected, (iv) treble damages, (v) punitive damages, (vi) disgorgement and restitution of all benefits received by Defendants arising from their infringement as provided by law, and/or (vii) enhanced damages for Defendants' willful infringement as provided in 15 U.S.C. §1117, the sum of which will be proven at the time of trial.

4. That Defendants, their officers, agents, servants, affiliates, partners, vendors, employees and attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from:

   a. Using Plaintiff's expression and mark "HONEY BADGER DON'T CARE" or any colorable imitation thereof, or any other expression or mark likely to cause confusion, mistake, or deception, in connection with the sale, offering for sale, distribution, manufacturing, advertising, or promotion of their goods or services;

   b. Using any false designation of origin or false description that can, or is likely to, lead the public to believe that any product

13

|   |   |
|---|---|
|   | manufactured, distributed, sold, offered for sale, or advertised by Defendant are in any manner associated or connected with Plaintiff is sold, manufactured, licensed, sponsored, or approved or authorized by Plaintiff; and |
| c. | Engaging in any other activity constituting an infringement of Plaintiff's trademark rights or otherwise unfairly competing with Plaintiff. |

5. That Defendants be directed to deliver up to Plaintiff all products bearing the Mark, any copy, simulation, variation or colorable imitations of the Mark, and any documents or tangible things that discuss, describe, mention or relate to such products.

6. That Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the injunction.

7. That Defendants be required to pay to Plaintiff all of his costs, disbursements, and attorney's fees in this action.

8. For prejudgment interest.

9. For such other relief as the Court deems proper.

DATED: June 29, 2015             KRANE & SMITH, APC

By: _____
DANIEL L. REBACK
Attorneys for Plaintiff,
CHRISTOPHER GORDON

14

COMPLAINT AND DEMAND FOR JURY TRIAL

# United States of America
### United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,505,781**  
**Registered Apr. 1, 2014**  
**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)
C/O SANA HAKIM OF K&L GATES
P.O. BOX 1135
CHICAGO, IL 606901135

FOR: CLOTHING, NAMELY, T-SHIRTS, TANK TOPS, ONE PIECE GARMENT FOR INFANTS AND TODDLERS, LONG-SLEEVE SHIRTS, CAPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 2-24-2011; IN COMMERCE 2-24-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-447,667, FILED 10-14-2011.

SCOTT BIBB, EXAMINING ATTORNEY



*Michelle K. Lee*
Deputy Director of the United States
Patent and Trademark Office

**EXHIBIT A**

# United States of America
### United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,281,472**  CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)
C/O SANA HAKIM OF K&L GATES
**Registered Jan. 29, 2013** P.O. BOX 1135
CHICAGO, IL 606901135
**Int. Cl.: 21**

FOR: MUGS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

**TRADEMARK**  FIRST USE 10-7-2011; IN COMMERCE 10-7-2011.

**PRINCIPAL REGISTER**  THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-449,921, FILED 10-18-2011.

SCOTT BIBB, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,419,081**  
**Registered Oct. 15, 2013**  
**Int. Cl.: 28**

**TRADEMARK**

**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)  
C/O SANA HAKIM OF K&L GATES  
P.O. BOX 1135  
CHICAGO, IL 606901135

FOR: (BASED ON USE) CHRISTMAS TREE ORNAMENTS AND DECORATIONS; TALKING DOLLS AND PLUSH TOYS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 10-8-2011; IN COMMERCE 10-8-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-449,924, FILED 10-18-2011.

SCOTT BIBB, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,419,079**  
**Registered Oct. 15, 2013**  
**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)  
C/O SANA HAKIM OF K&L GATES  
P.O. BOX 1135  
CHICAGO, IL 606901135

FOR: AUDIO BOOKS IN THE FIELD OF COMEDY, PARODY AND SATIRE, COMPUTER APPLICATION SOFTWARE FOR MOBILE PHONES, PORTABLE MEDIA PLAYERS, HANDHELD COMPUTERS, NAMELY, SOFTWARE FOR PLAYING GAMES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-0-2011; IN COMMERCE 12-0-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-447,668, FILED 10-14-2011.

SCOTT BIBB, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

## DEMAND FOR JURY TRIAL

Plaintiff CHRISTOPHER GORDON hereby demands a jury trial in this action.

DATED: June 29, 2015          KRANE & SMITH, APC

By: _____
DANIEL L. REBACK
Attorneys for Plaintiff,
CHRISTOPHER GORDON