SEDGWICK LLP
JAMES J.S. HOLMES, State Bar No. 126779
*james.holmes@sedgwicklaw.com*
KANIKA D. CORLEY, State Bar No. 223607
*kanika.corley@sedgwicklaw.com*
JASON N. ARGOS, State Bar No. 275914
*jason.argos@sedgwicklaw.com*
801 South Figueroa Street, 19th Floor
Los Angeles, CA  90017-5556
Telephone: 213.426.6900
Facsimile: 877.547.6580

Attorneys for Defendants and
Counterclaimants, Drape Creative, Inc.;
and Papyrus-Recycled Greetings, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GORDON,<br><br>              Plaintiff,<br><br>        v.<br><br>DRAPE CREATIVE, INC., et al.,<br><br>              Defendants. | Case No. CV 15-04905 JFW (PLAx)<br><br>**DECLARATION OF KANIKA D. CORLEY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT, PURSUANT TO RULE 56**<br><br>[Fed.R.Civ.P. 56]<br><br>Hearing Date:  October 17, 2016<br>Time:              1:30 p.m.<br>Crtrm:             16<br><br>L.R. 7-3 Conf. -1: August 12, 2016<br>L.R. 7-3 Conf. -2: August 30, 2016<br>Discovery Cut-Off: October 11, 2016<br>Pre-trial Conference: November 18, 2016<br>Trial: December 13, 2016 |
| AND RELATED COUNTERCLAIM. | |

1

I, Kanika D. Corley, declare as follows:

1. I am an attorney at law admitted to practice before all state and federal Courts in California. I am a partner of the law firm Sedgwick LLP, and am one of the attorneys principally responsible for representing Defendant Papyrus-Recycled Greetings, Inc. ("PRG") and Drape Creative, Inc.'s ("DCI") (collectively, "Defendants"), in this action. I make this declaration in support of Defendants' Motion for Summary Judgment, or in the alternative, Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56. I have personal knowledge of the facts stated herein and, if called to testify, could and would competently testify thereto.

2. On January 25, 2016, Plaintiff served Rule 26 Initial Disclosures. A true and correct copy of Plaintiff's initial disclosure is attached hereto as Exhibit 1.

3. On March 2, 2016, Plaintiff served Supplemental Rule 26 Disclosures. A true and correct copy of Plaintiff's supplemental disclosure is attached hereto as Exhibit 2.

4. On March 30, 2016, Defendants served Plaintiff with Interrogatories and Requests for Production of Documents, each of which specifically requested identification of evidence Plaintiff contends establishes liability.

5. On May 25, 2016, Plaintiff tardily served responses to Defendants' written discovery. Plaintiff also failed to respond to Special Interrogatory Numbers 24 and 25.

6. On August 22, 2016, Plaintiff served Second Supplemental Rule 26 Disclosures. A true and correct copy of Plaintiff's second supplemental disclosure is attached hereto as Exhibit 3.

7. On August 24, 2016, Plaintiff served Third Supplemental Rule 26 Disclosures. A true and correct copy of Plaintiff's third supplemental disclosure is attached hereto as Exhibit 4.

8. On August 26, 2016, Plaintiff served Fourth Supplemental Rule 26 Disclosures. A true and correct copy of Plaintiff's fourth supplemental disclosure is attached hereto as Exhibit 5.

9. On September 7, 2016, Plaintiff served Fifth Supplemental Rule 26 Disclosures. A true and correct copy of Plaintiff's fifth supplemental disclosure is attached hereto as Exhibit 6.

10. On September 12, 2016, Plaintiff served Sixth Supplemental Rule 26 Disclosures. A true and correct copy of Plaintiff's sixth supplemental disclosure is attached hereto as Exhibit 7.

11. Throughout July, August and September 2016, Plaintiff served 18 sets of supplemented document productions; but did not supplement his interrogatory responses.

11a. The dates and bates ranges for Plaintiff's document productions are as follows:

- May 23, 2016: GORDON 000001 – 012096
- July 27, 2016: GORDON 012532 – 13099
- July 28, 2016: GORDON 013100 – 013105
- August 1, 2016: GORDON 013106 – 013110
- August 2, 2016: GORDON 013111 – 013117
- August 3, 2016: GORDON 013118 – 013119
- August 5, 2016: GORDON 013120 – 013181
- August 11, 2016: GORDON 013182 – 013201
- August 12, 2016: GORDON 013202 – 014392
- August 16, 2016: GORDON 014393 – 014397
- August 17, 2016: GORDON 014398 – 014434
- August 19, 2016: GORDON 014435 – 014681
- August 23, 2016: GORDON 014682 – 014755

3

- August 24, 2016: GORDON 014756 – 014859
- August 26, 2016: GORDON 014860 – 014932
- September 1, 2016: GORDON 014933 – 014976
- September 7, 2016: GORDON 014977 – 015251
- September 12, 2016: GORDON 015252 – 015260
- September 15, 2016: GORDON 015261 – 016195
- September 16, 2016: GORDON 016196 – 016261

12. Attached hereto as Exhibit 8 is a true and correct copy of the Declaration of Laura Layton. Ms. Layton is the Associate Director of Business & Legal Affairs for National Geographic Partners, LLC.

13. Attached hereto as Exhibit 9 is a true and correct, certified copy of the condensed deposition transcript for Plaintiff, Christopher Gordon.

14. In May 2016, Defendants served a Deposition Subpoena on Zazzle, Inc., which is one of the companies identified by Plaintiff in Rule 26 Disclosures as having knowledge of Plaintiff's greeting card sales. In lieu of appearing for deposition, on July 14, 2016, Jeanne Kim, Licensing Account Manager for Business Development at Zazzle, Inc. executed a substantive declaration responsive to the subpoena that specifically identifies the greeting cards sold bearing Honey Badger related phrases.

15. Attached hereto as Exhibit 10 is a true and correct copy of the July 14, 2016 Declaration of Jeanne Kim.

16. On August 26, 2016, Jeanne Kim executed an Amended Second Declaration on behalf of Non-Party Zazzle, Inc.

17. Attached hereto as Exhibit 11 is a true and correct copy of the August 26, 2016, Amended Second Declaration of Jeanne Kim.

18. Attached hereto as Exhibit 12 is a true and correct, certified copy of the condensed deposition transcript for Janna Levitina.

4

19. Attached hereto as Exhibit 13 is a true and correct copy of the honey badger greeting card offered for sale by The Duck Company, Inc.

20. Attached hereto as Exhibit 14 is a true and correct copy of the honey badger greeting card offered for sale by TISELLE letterpress + design.

21. Attached hereto as Exhibit 15 is a true, correct and certified copy of the condensed deposition transcript for Tianyi Wang Goudey from TISELLE letterpress + design.

22. Attached hereto as Exhibit 16 is a true and correct copy of Plaintiff's Document Production, bate stamp GORDON 13092 - 13094. These documents include Plaintiff's June 20, 2016 Cease and Desist Letter to TISELLE letterpress + design.

23. Attached hereto as Exhibit 17 is a true and correct copy of the July 14, 2016 Settlement Agreement and Mutual General Release between Plaintiff, Christopher Gordon and Tiselle, Inc. d/b/a/ Tiselle Letterpress + Design.

24. Attached hereto as Exhibit 18 is a true and correct copy of the honey badger e-card available for use on someecards.com as of August 17, 2016.

25. Attached hereto as Exhibit 19 is a true and correct copy of DCI's Special Interrogatories, Set One, Interrogatory Numbers 2-4, 9, 22.

26. Attached hereto as Exhibit 20 is a true and correct copy of DCI's Request for Production of Documents, Set One, Request Numbers 2-3, 7-11.

27. Attached hereto as Exhibit 21 is a true and correct copy of Plaintiff's Responses to DCI's Special Interrogatories, Set One, Responses to Numbers 2-4, 9, 22.

28. Attached hereto as Exhibit 22 is a true and correct copy of Plaintiff's Responses to DCI's Request for Production of Documents, Set One, Responses to Numbers 2-3, 7-11.

29. On August 16, 2016, Defendants designated expert witnesses, Hal Poret, President at Hal Poret, LLC, and Doug Bania of Nevium Intellectual Property Solutions. Plaintiff designated no expert witnesses.

30. Attached hereto as Exhibit 23 is a true and correct copy of Hal Poret's July 2016 Consumer Confusion Survey Report concluding "that use of the 'HONEY BADGER DON'T GIVE A SH*T'" line in the DCI Studios greeting card does not cause a likelihood of confusion with respect to Plaintiff or the Honey Badger Video."

31. Attached hereto as Exhibit 24 is a true and correct copy of Doug Bania's August 12, 2016 valuation report of Plaintiff's trademark concluding that "[w]ith no commercial reason to have a license agreement [between the Plaintiff and Defendants], the Plaintiff was not harmed and the Defendant was not unjustly enriched by Defendants' use of the HBDGS phrase. Therefore, in this Case, there are no damages."

32. On September 6, 2016, Plaintiff identified rebuttal expert, David Stewart, Ph.D.

33. Attached hereto as Exhibit 25 is a true and correct copy of the September 6, 2016 Rebuttal Expert Disclosure and corresponding report Defendants received.

34. On August 12, 2016, pursuant to Local Rule 7-3, I attended a Conference of Counsel. During the Conference, I asked if Plaintiff's counsel had knowledge of information that counsel believed would negate the bases for the Motion. I did not receive any information. During the Conference, I described the legal bases for the Motion as outlined in the August 1, 2016 letter. I asked counsel to advise of any law that would tend to negate the arguments raised. I received no new legal citations. At the conclusion of the 7-3 Conference discussion, Plaintiff's counsel advised that Christopher Gordon would neither dismiss the pending Complaint nor would he dismiss any of the claims asserted.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct. Executed this 19th day of September, 2016 at Los Angeles, California.

/s/ Kanika D. Corley
Kanika D. Corley

6